UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARK ANTHONY HENDERSON,
    Plaintiff,

v.

VICKY, et al.,
    Defendants.

No. 3:18-cv-00981 (SRU)

**INITIAL REVIEW ORDER**

Mark Anthony Henderson, currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs. The named defendants are Registered Nurses Vicky, Pam and Barbara, Dr. Carson Wright, Warden William Faneuff, and Health Services Administrator B. Liebel. Henderson seeks damages and injunctive relief. The complaint was received on June 12, 2018, and Henderson's motion to proceed *in forma pauperis* was granted on June 28, 2018.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not

sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.  Allegations

On March 9, 2017, while confined at Northern Correctional Institution, Henderson was experiencing severe lower back pain and requested sick call medical treatment. Compl., No. 1, at 5, ¶ 1. On March 15, 2017, his request was returned with a notation that he had refused RN sick call. *Id.* On March 21 and April 13, 2017, Henderson filed grievances and an appeal claiming that no medical staff ever came to his cell for sick call.[1] *Id.*, ¶ 2. Nurse Vicky met with Henderson and assured him that, if he withdrew the grievances about delays in treatment, the issue would not happen again. *Id.*, ¶ 3. On April 27, 2017, Henderson withdrew all of the grievances on this issue. *Id.*, ¶ 4.

Henderson continued to experience severe lower back pain as well as pain from a torn right rotator cuff. His medication was not working and, at approximately 11:00 p.m. on April 20, 2017, he tried to inform staff of his "emergency." *Id.* at 5-6, ¶¶ 5-6. The emergency call button in his cell did not work. *Id.* at 6, ¶ 7. Henderson lay on the floor, unable to sleep, and

---

[1] Throughout the complaint, Henderson cites various exhibits. No exhibits were filed with the complaint.

2

waited until staff toured the unit. The officer told Henderson to sign up for sick call. Henderson submitted sick call requests dated April 20 and 21, 2017, on this issue. *Id.*, ¶ 8-9. Henderson filed a health services grievance about the intercom on June 9, 2017. *Id.*, ¶ 12. Nurse Vicky returned the grievance stating that it was a custody issue. *Id.* at 7, ¶¶ 13-14. Health Administrator Liebel denied Henderson's appeal for the same reason. *Id.*, ¶¶ 15-16.

On May 18, 2017, Henderson again requested sick call to address his pain. *Id.*, ¶ 17. On May 20, 2017, he spoke with Nurse Pam while she was doing rounds. She acknowledged his request but Henderson never was seen. *Id.* at 8, ¶¶ 18-20. Henderson filed health services grievances. *Id.*, ¶ 20. On June 5, 2017, Nurse Vicky again asked Henderson to withdraw the grievance. He refused. *Id.*, ¶ 21. The following day, Nurse Barbara asked him to withdraw the grievance against Nurse Pam. Henderson refused. *Id.*, ¶ 22. On June 13, 2017, Henderson received his May 18, 2017 sick call request. Nurse Barbara has indicated falsely that Henderson had received a sick call examination. *Id.* at 9, ¶ 23.

On June 29, 2017, Henderson was transferred to Walker Correctional Institution. *Id.*, ¶ 25. He continued to pursue appeals of his grievance concerning Nurse Pam. *Id.*, ¶ 26. On July 23, 2017, Henderson filed a grievance regarding Nurse Barbara. *Id.* at 9-10, ¶ 27.

On June 22, 2017, after waiting thirty-five days, Dr. Wright saw Henderson for his complaints of chronic lower back pain and rotator cuff pain. *Id.* at 10, ¶ 28. Dr. Wright told Henderson that he would increase Henderson's pain medication dosage, submit a request to the Utilization Review Committee for an orthopedic consultative examination and arrange physical therapy. *Id.*, ¶ 29. When he inquired on the status of the consultative examination, a nurse told Henderson that Dr. Wright had not ordered anything. *Id.*, ¶ 30. A notation in Henderson's

3

medical record indicates only that Henderson "may need URC." *Id.*, ¶ 31. Henderson then filed a grievance and grievance appeal regarding Dr. Wright's lack of treatment. *Id.* at 11, ¶¶ 32-33. On September 15, 2017, Henderson received a response to his grievance appeal indicating that he had been seen by an orthopedist on August 25, 2107. *Id.*, ¶ 34.

II. Analysis

Henderson alleges that the defendants were deliberately indifferent to his serious medical needs in the following ways: Nurse Vicky failed to correct actions taken by Nurses Pam and Barbara in failing to provide timely and adequate medical treatment and failed to resolve the non-working intercom issues; Nurses Pam and Barbara failed to provide timely and adequate sick call medical treatment; Dr. Wright failed to provide timely and adequate medical treatment for thirty-five days and then failed to order any treatment; Health Services Administrator Liebel failed to correct the actions of the nurses and failed to resolve the issue of the non-working intercom; and Warden Faneuff failed to correct the non-working intercom.

A. Deliberate Indifference to Serious Medical Needs

Henderson alleges that defendants Nurses Vicky, Pam and Barbara, Dr. Wright and Health Services Administrator Liebel were deliberately indifferent to his serious medical needs, specifically, his lower back and rotator cuff pain.

To state an Eighth Amendment claim for deliberate indifference to a serious medical need, Henderson must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)). There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37

F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must be "urgent", meaning that it "may produce death, degeneration or extreme pain." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

Subjectively, the defendants must have been "subjectively reckless" when they denied medical care. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). They must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of their actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See id.* Nor does a difference of opinion regarding what constitutes an appropriate response and treatment constitute deliberate indifference. *See Ventura v. Sinha*, 379 F. App'x 1, 2-3 (2d Cir. 2010); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Henderson alleges that he suffers from severe pain. The Second Circuit has held that the existence of chronic and substantial pain is highly relevant to the inquiry regarding the seriousness of a medical condition. *Id.* Accordingly, for purposes of this ruling only, the Court will assume that Henderson has a serious medical need.

Henderson alleges that Nurses Pam and Barbara were aware of his chronic pain and did nothing to treat it. He also alleges that Nurse Vicky and Health Services Administrator Liebel were aware that he was not being treated but took no action to provide him treatment. Henderson alleges that he had to wait thirty-five days to see Dr. Wright and, although Dr. Wright stated that he would provide various treatments, he provided no treatment. These allegations are

5

sufficient to state plausible claims against Nurses Pam, Barbara and Vicky, Dr. Wright, and Health Services Administrator Liebel for deliberate indifference to a serious medical need.

B. Conditions of Confinement

Henderson also complains that the emergency call button in his cell was inoperable. He contends that Nurse Vicky and Health Administrator Liebel were made aware of this issue but told him that it was a custody issue and referred him to custodial staff. Warden Faneuff responded to Henderson's grievance stating that the maintenance staff was aware of the problem and that emergency call buttons were not required.

Henderson may prevail on an Eighth Amendment claim based on unconstitutional conditions of confinement "only where he proves both an objective element—that the prison officials' transgression was 'sufficiently serious'—and a subjective element—that the officials acted, or omitted to act, with a 'sufficiently culpable state of mind,' i.e., with 'deliberate indifference to inmate health or safety.'" *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A condition is objectively serious if it deprives Henderson of "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety." *Id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (internal quotation marks omitted)). To meet the subjective component, Henderson must allege that prison officials knew "of and disregarded an excessive risk to [inmate] health or safety," that is, that they were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and … dr[e]w that inference." *Id.* at 184-86.

Henderson alleges that he suffers from severe pain and was unable to call for medical assistance when his pain medication did not work because the call button was inoperable. The

6

Court assumes, therefore, that Henderson is claiming that the inoperable call button deprived him of medical care or reasonable safety. For purposes of this ruling, the Court considers this sufficient to satisfy the objective element of the test.

When informed of the issue, Nurse Vicky and Health Services Administrator Liebel referred Henderson to the custodial staff, the persons responsible for emergency call button maintenance. Henderson did pursue his claim with custodial staff by submitting a grievance. Because the medical unit was not responsible for the operation of the call button, and did refer Henderson to the proper party, they did not disregard any risk to Henderson from the inoperable button. The conditions of confinement claims against Nurse Vicky and Health Service Administrator Liebel are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Warden Faneuff responded to the grievance, stating that maintenance staff were aware of the problem but that emergency call buttons were not required. Henderson states that this contradicts correctional policy. Courts within the Second Circuit have not considered whether an inoperable emergency call button, without more, rises to the level of an Eighth Amendment violation, but other courts considering the issue require more. *Montgomery v. Dep't of Correction*, 2017 WL 5473445, at *3 (D. Conn. Nov. 13, 2017) (citing cases). Here, Henderson alleges that he was unable to obtain medical attention for severe pain because the emergency call button was inoperable and had to lay on the floor until custodial staff toured the unit. At this time, the Court will permit this claim to go forward against Warden Faneuff to enable Henderson to further develop his claim.

## CONCLUSION

All conditions of confinement claims against defendants Nurse Vicky and Health Services Administrator Liebel regarding the inoperable emergency call button are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The case will proceed on the conditions of confinement claim against Warden Faneuff and the deliberate indifference to serious medical needs claims against Nurses Vicky, Pam and Barbara, Dr. Wright and Health Services Administrator Liebel.

In accordance with the foregoing analysis, the Court enters the following orders:

(1) **The Clerk shall** verify the current work addresses of the defendants with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of those waiver requests on the thirty-fifth day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3) **The Clerk shall** send Henderson a copy of this Order.

(4)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If Henderson changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Henderson must give notice of a new address even if he is incarcerated. Henderson should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Henderson has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Henderson should also notify the defendant or the attorney for

the defendant of his new address.

(10)    Henderson shall utilize the Prisoner Efiling Program when filing documents with the court. Henderson is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

So ordered.

Dated at Bridgeport, Connecticut, this 31st day of August 2018.

    /s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge