UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                              |   |                        |
|------------------------------|---|------------------------|
| MARK ANTHONY HENDERSON,      | : |                        |
|     Plaintiff,               | : | No. 3:18-cv-981 (SRU)  |
|                              | : |                        |
|     v.                       | : |                        |
|                              | : |                        |
| VICKY, et al.,               | : |                        |
|     Defendants.              | : |                        |
|                              | : |                        |

**RULING AND ORDER**

The plaintiff, Mark Anthony Henderson ("Henderson"), has filed motions to file copies of his discovery requests, for prejudgment disclosure of assets and a prejudgment remedy, for contempt, to disqualify and remove opposing counsel, and for a status conference.

I.     Motion for Leave to File Discovery Requests [ECF No. 21]

Henderson seeks leave to file copies of his discovery requests while acknowledging that court rules prohibit the filing of those documents. *See* D. Conn. L. Civ. R. 5(f)1 ("interrogatories, requests for documents, requests for admissions … shall not be filed with the Clerk's Officer except by order of the Court"). Henderson states that filing the requests will reinforce for defendants' counsel that the requests were served. Filing these documents with the court does not demonstrate that the documents were properly served on defendants' counsel. It merely shows that Henderson drafted such documents. Indeed, Henderson states in his certification on several of the requests that he served the documents electronically. However, Henderson was advised in the Initial Review Order filed on August 31, 2018, that discovery requests must be served on the defendants by regular mail. They cannot be served electronically through the Prisoner Efiling Program. *See* ECF No. 9 at 10.

Henderson attempts to circumvent this prohibition by referring the Court to Rule 5(f)3, which permits the filing of "discovery material" when that information is not on file and is required for the court to properly consider a motion. The material permitted to be filed under subsection 3, is the discovery responses. For example, responses to interrogatories or requests for admission may be filed in support of a motion for summary judgment, and copies of discovery requests with responses are filed in support of a motion to compel. Here, copies of the discovery requests are not required to decide any issue before the court. Henderson's motion is denied.

II.  Motion for Prejudgment Disclosure and Prejudgment Remedy [ECF No. 22]

Henderson seeks a prejudgment remedy in an unspecified amount because "[t]here is probable cause that a judgment in the amount of the prejudgment remedy" will be entered in his favor." ECF No. 22, at 3. In conjunction with his motion, he asks the Court to order the defendants to disclose all real and personal property and all debts owing to them. The defendants object to the motion because Henderson failed to comply with the requirements for obtaining a prejudgment remedy under state law. In reply, Henderson concedes that he did not properly file his motion and seeks permission to refile his motion to correct the deficiencies identified by the defendants.

In light of Henderson's concession, his motions for prejudgment remedy and disclosure of assets is denied without prejudice. Henderson may refile his motion in accordance with the requirements under state law.

III.  Motions for Contempt [ECF Nos. 23, 31, 36]

Henderson has filed three motions for contempt. In his first motion, Henderson states that he mailed discovery requests to defendants' counsel on December 7, 10, and 17, 2018, but received no responses. Henderson's motion is dated January 2, 2019. Because the defendants had thirty days from service of the discovery requests to serve their responses, the responses were not late when Henderson filed his motion. In his reply to the defendants' objection to the motion, Henderson states that he filed the motion for contempt because defendants' counsel has a "history of using nefarious delay tactics" in other cases. ECF No. 29 at 2. Counsel's actions in other cases is not a reason to find counsel in contempt in this case. Henderson's first motion for contempt is denied as prematurely filed.

In the second motion, Henderson states that the defendants failed to respond to his motion for prejudgment remedy. As noted above, Henderson has conceded that the motion was improperly filed. Accordingly, the second motion for contempt is denied.

In his third motion, filed on February 25, 2019, Henderson asks the Court to hold defendants' counsel in contempt for failing to provide discovery materials by February 23, 2019, the date requested in defendants' motion for extension of time, ECF No. 24. The Court considers this motion to seek an order of civil contempt for failure to meet a discovery deadline.

"Whether imposed pursuant to Rule 37 or the court's inherent power, a contempt order is … a 'potent weapon, to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.'" *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144-45 (2d Cir. 2010) (quoting *King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir. 1995)). Before the court will hold a party in contempt, the movant must establish three requirements, "the order violated by the contemnor is clear and unambiguous, the proof of

3

non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply." *Id.* at 145 (quoting *EEOC v. Local 638*, 831 F.3d 1162, 1171 (2d Cir. 1996) (internal quotation marks omitted); *see also Frazier v. APM Fin. Sols., LLC*, 2015 WL 8483237, at *1 (D. Conn. Dec. 9, 2015) ("A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict. More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." (internal citation and quotation marks omitted)).

A contempt order is a severe sanction. Thus, the court applies the higher "clear and convincing" evidence standard, rather than the lesser "preponderance of the evidence" standard usually applied in civil cases. *See Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002) (explaining that the clear and convincing standard applied in the civil contempt context requires "a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred").

Henderson filed his motion two days after the discovery deadline. Because he filed the motion so quickly, it is possible that the defendants timely mailed the discovery responses, but Henderson had not received them before filing his motion. Thus, Henderson has not submitted clear and convincing proof that the defendants failed to comply with the deadline. Even if the responses were not timely mailed, Henderson has not shown that defendants' counsel did not diligently attempt to comply in a reasonable manner. The fact that Henderson has encountered

4

discovery delays on other case with the same attorney, does not establish that the attorney did not act diligently in this case. Henderson's third motion for contempt is denied.

IV.     Motion to Disqualify and Remove Counsel [ECF No. 33]

Henderson moves to disqualify and remove defendants' counsel from this case or to schedule a hearing to enable him to present evidence supporting his request for disqualification. Henderson has filed an addendum to his motion containing an affidavit and exhibits to support his motion. The Court concludes that this is the same evidence Henderson would present at a hearing. As the Court can review the evidence in conjunction with this motion, the request for a hearing is denied.

Henderson contends that counsel violated Rules 16(c)1 and 16(g)1 of the local court rules and Rule 3.4(1) of the Rules of Professional Conduct. Rule 16(c)1 provides that settlement conferences may be held. Although the rule requires parties to discuss settlement at the parties planning conference required by Federal Rule of Civil Procedure 26, prisoner cases are excluded from the Rule 26 requirements. D. Conn. L. Civ. R. 16(c)1 and 26(f)(3). Local Rule 16(g)1 provides: "It shall be the duty of counsel and all parties to promote the just, speedy and inexpensive determination of every action. The Court may impose sanctions directly against counsel and any party who disobeys an order of the Court or intentionally obstructs the effective and efficient administration of justice."

Henderson states that he wanted to discuss possible settlement during a phone conversation with counsel on February 4, 2019, but counsel was not interested in discussing settlement. Henderson states that counsel was angry because Henderson constantly accuses him of unethical behavior. Henderson's other reasons for disqualification relate to a state habeas

case. Henderson states that he was provided different video evidence than was provided to the habeas court, which he argues constitutes a violation of the Rules of Professional Conduct.

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016) (quoting *Hempstead Video, Inc. v. Incorporated Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005)). Although the district courts have broad discretion to disqualify attorneys, the Second Circuit has "shown considerable reluctance to disqualify attorneys despite misgivings about the attorney's conduct," *Board of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979), because "[t]he business of the [district] court is to dispose of litigation and not to act as a general overseer of the ethics of those who practice here unless the questioned behavior taints the trial of the cause before it," *W. T. Grant Co. v. Haines*, 531 F.2d 671, 677 (2d Cir. 1976) (citation omitted); *see also Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983) (noting "high standard of proof" for disqualification motions, in part due to the fact they are "often interposed for tactical reasons, and that even when made in the best of faith, such motions inevitably cause delay" (citation and quotation omitted)). In this Circuit, "disqualification is called for only where 'an attorney's conduct tends to taint the underlying trial,' because federal and state disciplinary mechanisms suffice for other ethical violations." *Prevezon Holdings*, 839 F.3d at 241 (quoting *Nyquist*, 590 F.2d at 1246).

Henderson bases his motion on alleged actions of counsel in another case and his decision not to engage in settlement discussions in this case. Neither identified behavior taints the trial of this case. Thus, Henderson has not met the high standard to disqualify counsel. His motion is denied.

6

V.     Motion for Status Conference [ECF No. 36]

Henderson asks the Court to hold a status conference to address several pending motions. Because the motions that were pending when the request was made have now been addressed, this request is denied as moot.

VI.    Conclusion

Henderson's motions for leave to file [**ECF No. 21**], for prejudgment remedy and disclosure of assets [**ECF No. 22**], for contempt [**ECF Nos. 23, 31, 36**], to disqualify counsel [**ECF No. 33**] and for a status conference [**ECF No. 36**] are **DENIED**.

It is so ordered.

Dated this 9th day of July 2019 at Bridgeport, Connecticut.

Stefan R. Underhill
United States District Judge